IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TARGO, #Y41411,  Plaintiff,  v.  DENTIST,  Defendant. | Case No. 23-cv-01948-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Targo, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## DISCUSSION

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Twombly,* 550 U.S. at 555. Merely naming a party in the caption of a complaint is not enough to state a claim against that individual. *Collins*

*v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff has failed to state a claim against the listed Defendant. There is no statement of claim, or any allegations contained in the Complaint. The only information provided pertains to the exhaustion of administrative remedies, and a copy of a grievance response from the Administrative Review Board. (Doc. 1, p. 4-5). Because the Complaint is devoid of any factual allegations against the Defendant, the Complaint is dismissed without prejudice. Plaintiff, however, will be given an opportunity to replead his clams in an amended complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff still has not satisfied the first *Pruitt* factor by demonstrating reasonable efforts to locate counsel in this case. Therefore, the motion is therefore **DENIED.** If Plaintiff files and amended complaint, and the amended complaint survives Section 1915A review, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September**

**21, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-01948-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 24, 2023

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**